355 So.2d 141 (1978)
FLORIDA INSURANCE GUARANTY ASSOCIATION, INC., Appellant,
v.
William W. DOLAN, Appellee.
No. DD-450.
District Court of Appeal of Florida, First District.
February 7, 1978.
Rehearing Denied March 13, 1978.
Emory P. Cain of Proctor & Cain, Jacksonville, for appellant.
Raymond E. Watson of Webb, Swain & Watson, Jacksonville, for appellee.
McCORD, Chief Judge.
This appeal is from a final judgment for $70,000 entered in an action brought by appellee Dolan against appellant, Florida Insurance Guaranty Association, Inc. (hereafter sometimes referred to as FIGA). This action arose from an injury received by Dolan in Gatlinburg, Tennessee, on the premises of Gatlinburg Ski Corporation (hereafter sometimes referred to as GSC). Dolan brought suit against GSC in federal court and the suit was defended by GSC's insurer, Financial Fire and Casualty Company (hereafter sometimes referred to as Financial Fire), a now insolvent insurer who was authorized to do business in Florida. The suit resulted in a $70,000 judgment in favor of Dolan and against GSC. Financial Fire then negotiated a settlement with Dolan and issued a draft for the settlement amount, but the draft did not clear because *142 of insufficient funds. Financial Fire had become and was declared insolvent pursuant to § 631.011(5), Florida Statutes (1975). Pursuant to federal court rules, Dolan then obtained an order that he recover the judgment against GSC. Thereafter, Dolan entered into an agreement with one Anders, operator/lessee of GSC, not to levy execution on the premises of GSC in return for a guarantee of the unconditional receipt of $70,000, the amount of the judgment. Dolan now, by this action against FIGA, contends that the claim is covered by the Florida Insurance Guaranty Association Act, § 631.50, et seq., Florida Statutes (1975). The trial court agreed and entered the judgment which is here appealed.
While other facts were brought out in the trial court which pertained to one of the issues raised by appellant  whether or not GSC's policy issued by Financial Fire was antedated to cover the existing loss and is void and ultra vires  it is unnecessary to set forth such facts here as our decision is based upon other grounds.
FIGA is a nonprofit association created by statute [§ 631.51, et seq., Florida Statutes (1975)] composed of all insurers licensed to transact insurance in Florida who write direct insurance except life, title, surety, disability, credit, mortgage, guaranty, and wet marine insurance. § 631.55 and § 631.53. The purposes of this statute, as stated in § 631.51 are as follows:
"(1) Provide a mechanism for the payment of covered claims under certain insurance policies to avoid excessive delay in payment and to avoid financial loss to claimants or policyholders because of the insolvency of an insurer;"
§ 631.54(4) provides:
"`Covered claim' means an unpaid claim, including one of unearned premiums, which arises out of and is within the coverage, and not in excess of, the applicable limits of an insurance policy to which this part applies, issued by an insurer, if such insurer becomes an insolvent insurer after October 1, 1970, and the claimant or insured is a resident of this state at the time of the insured event or the property from which the claim arises is permanently located in this state. `Covered claim' shall not include any amount due any reinsurer, insurer, insurance pool, or underwriting association, as subrogation recoveries or otherwise."
The obvious statutory purpose of requiring that the claimant or policyholder be a resident of this state is to require that FIGA only guarantee payment to Florida residents who would otherwise suffer loss through the insolvency of an insurer authorized to transact business in this state. See § 631.54(5). Here the claimant Dolan qualifies under § 631.54(4), above quoted, as a resident of this state but his claim is not a covered claim because it is not an unpaid claim. Claude Anders, the operator/lessee of GSC, entered into an agreement which provides for absolute, unconditional payment of $70,000 plus accrued interest to Dolan, the same being secured by cashiers check under an escrow agreement. Anders entered into such agreement to avoid Dolan's levy upon GSC's property to satisfy the judgment.
Reversed with directions to enter judgment in favor of FIGA.
SMITH and MELVIN, JJ., concur.